785 F.2d 307
 40 Fair Empl.Prac.Cas. 984
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROGER ASKIN, RICHARD T. PHILLIPS and JAMES YOCUM,
Plaintiffs-Appellants,
v.
FIRESTONE TIRE AND RUBBER COMPANY, Defendant-Appellee.
 85-5120
 United States Court of Appeals, Sixth Circuit.
 1/15/86
 
 BEFORE: LIVELY, Chief Judge; WELLFORD, Circuit Judge; and PORTER, District Judge*.
 PER CURIAM.
 
 
 1
 This is an appeal by three former employees of Firestone Tire and Rubber Company from summary judgment in favor of Firestone in an action claiming a violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 626(b) (1982). The district court found that the plaintiffs had made a prima facie showing that Firestone violated ADEA in discharging them. However, the district court went on to find that Firestone articulated legitimate business reasons for the discharges and that the plaintiffs failed to show that the articulated reasons were in fact pretextual and that they were in fact discharged because of their age, or that age was a factor in the decision to terminate their employment. At the time of their discharges Askin was 42, Phillips was 43 and Yocum was 46.
 
 
 2
 The proof for Firestone was that the retail stores in which plaintiffs Phillips and Yocum were managers and in which Askin was assistant manager consistently lost money under their management and that this was the reason for the discharges. In response to Firestone's motion for summary judgment the plaintiffs offered no proof that younger store managers and assistant managers with similar records of store losses were retained. Instead the plaintiffs argued that Firestone used unfair or contrived accounting practices to determine profits and losses of its retail stores and that it was unfair to base employment decisions on these determinations. However, the plaintiffs offered no proof that the 'unfair' accounting practices were used in making employment decisions about persons within the protection of ADEA but were not applied when considering employment decisions affecting younger employees. The plaintiffs concede that they were afforded ample opportunity for discovery. Their basic argument in this court is that Firestone's accounting practices were so unusual that its explanation of business decisions based on its determination of store profits and losses under this accounting system is incredible, and thus the court should have found its reasons to be pretextual. The plaintiffs then contend that, having exposed the articulated reasons as incredible, they were entitled to rely upon the original showing which constituted a prima facie case and were not required to go forward with proof of an intentional violation of ADEA.
 
 
 3
 We believe it is clear that Firestone met its burden of articulating a legitimate business reason for discharging the plaintiffs, as is required once a plaintiff has established a prima facie case. See Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 254-55 (1981). The burden then shifted back to the plaintiffs to persuade the court that 'the proffered reason was not the true reason for the employment decision.' Id. at 256. We agree with the district court that the plaintiffs failed to meet this burden and failed to produce any evidence which would have supported a finding that the discharges were in fact motivated to any degree by the ages of the plaintiffs. When the only evidence of record indicates that the employer has made a legitimate business decision and nothing except a plaintiff's unsupported conclusion points to age as a factor in an employment decision, the employer is entitled to judgment. Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 70 (6th Cir. 1982).
 
 
 4
 On appeal plaintiff Askin contends that his case is different from those of Phillips and Yocum because he was only an assistant manager of the store where he was employed at the time of his discharge. Nevertheless, he was a member of the management team at that store and produced no evidence that Firestone would have retained an assistant manager at a store having a record of losses similar to that suffered by the store where he was last employed. Furthermore, in his deposition Askin admitted that he was familiar with the results at his store after he became assistant manager and that they were not satisfactory. He said that he would have been 'changing management' if he had been looking at those figures for Firestone. Finally, Askin conceded that he did not believe his age made any difference in the decision to terminate his employment.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable David S. Porter, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation